**Sam SALMON, dba Salmon Construction, Plaintiff–Appellant,**

v.

**NDC, a Nevada Corporation; United States of America, Defendants–Appellees.**

No. 00–17186.

D.C. No. CV–97–00510–DWH.

United States Court of Appeals, Ninth Circuit.

Argued Feb. 12, 2002.

Submitted June 21, 2002.

Decided June 24, 2002.

Before D.W. NELSON and HAWKINS, Circuit Judges and FITZGERALD, District Judge.*

MEMORANDUM**

Taxpayer Sam Salmon, dba Salmon Construction (Salmon), appeals from the district court's summary judgment holding that: (1) the Internal Revenue Service had a tax lien with priority over attorney fees earned by Salmon's attorney, Kevin Mirch; and (2) the IRS was entitled to the full

---

* The Honorable James M. Fitzgerald, Senior District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

amount of the tax lien. We have jurisdiction under 28 U.S.C. § 1291.

Salmon argues that the district court erred in finding that only one of the lodestar elements under *Kerr v. Screen Extras Guild*, 526 F.2d 67, 69–70 (9th Cir.1975) had been satisfied. The district court correctly determined, however, that the documentation in support of attorney's fees satisfied only one of the 12 *Kerr* factors.

Salmon challenges the validity of the tax lien and levy. A federal tax lien arose on March 28, 1994, when the IRS assessed penalties against Salmon. The lien attached to Salmon's property, including his interest in the settlement proceeds. The Certificate of Assessment and Payments shows that Salmon was sent a notice and demand for payment, that payment was not made in full, and that a notice of federal tax lien was filed on May 20, 1994. The IRS sent a notice and demand for payment and a notice of intent to levy before levying on the property, as required by 26 U.S.C. §§ 6303 and 6331. The facts establish that the assessment, lien, and levy were valid.

Salmon argues that he was not liable for the IRS taxes upon which the government's lien was based because he did not have control over the company funds. Salmon failed to challenge the lien, and the district court lacked jurisdiction to consider the underlying merits of the assessment. 26 U.S.C. § 7422.

Salmon argues that Nevada Revised Statute § 18.015(4) required the district court to adjudicate the attorney fees lien *within* five days. The statute, however, requires the court to adjudicate the lien *after* five days notice to all interested parties.

Salmon argues that Nevada Revised Statute § 18.015(1) required the district court to determine the reasonableness of fees only where there is no agreement between the attorney and client from which a fee could be calculated. The record contained no such agreement and the argument was not raised below.

Salmon argues that the district court erred in allowing removal of the matter to federal court. Salmon did not raise the matter below and removal was proper under 28 U.S.C. §§ 1444 and 2410.

Salmon argues that the attorney lien enjoyed a priority over the tax lien. The district court correctly found, however, that the attorney fee request was not reasonable under 26 U.S.C. § 6323(b)(8). Therefore, the attorney lien did not enjoy priority over the tax lien.

Salmon argues that the district court erred by inconsistently instructing the parties as to the burden of proof standard it was going to apply. Nothing in the record supports Salmon's argument.

AFFIRMED